## SUCCESSION OF FELIX CONNOLLY.

A certificate of a commissioner to take testimony, at the end of the answers to the inter-rogatories in these words, " sworn to and subscribed before me, commissioner, &c." is not alone a sufficient *proces verbal*, to authorize the reception of the testimony in evidence.

Where testimony has been taken under a commission, which on the trial was rejected on account of informalities in the manner of execution, and it appears that the testimony had been filed long enough before the trial for the party to have had it taken over again, the case will not be remanded to allow him an opportunity of re-taking the testimony.

APPEAL from the Second District Court of New Orleans, *Lea*, J.   *C. Roselius*, for appellant.   *Hoffman* and *Ogden*, for appellees. The judgment of the court was pronounced by

ROST, J. Our attention in this familiar case has been called to a bill of exceptions taken by the counsel of the opponent, *John M. Bach*, to the opinion of the court refusing to receive in evidence the testimony of *John Deas*, taken under commission, on the ground that there was no *proces verbal* showing the manner in which the commission was executed, or that the witness was sworn before the deposition was taken.

The rejected evidence comes up with the bill of exceptions. It is nothing more than answers to the interrogatories, at the close of which these words are found, "sworn to and subscribed before me, *Lewis F. Robertson*, commissioner," &c. Such a certificate does not furnish all the guarantees of truth which the law requires in the testimony adduced before courts of justice, and the court very properly held it insufficient.

We have been asked to remand the case, so as to give the opponent another opportunity to procure the rejected evidence.

The return of the commission was filed in the district court on the 18th of December, and the case was not tried until the 7th of March following. The opponent had ample time to take another commission and to have it properly executed. *Judson* should not be prejudiced by his omission to do so. There must be an end to lawsuits, and we think it high time that this litigation should be closed. If the evidence had been admitted, we would not, in all probability, have given it the weight to which the opponent seems to think it is entitled. It proves almost too much. On the merits, the case presents mere questions of fact.

*John M. Bach* and *Miles Judson* both claim to be the owners of a judgment rendered against *Felix Connolly*, in favor of a commercial firm of which neither of the parties was a member. The district judge has dismissed the opposition, and substantially decided that the judgment belongs to neither party. We believe this to be a righteous judgment, and one with which we ought not to interfere.

The reservation made in favor of the real owners of the judgment, is legal and proper in every respect.

The judgment is therefore affirmed, with costs.